Ashlee B. Fletcher, Bar #12740
STRUCK WIENEKE & LOVE, P.L.C.
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Telephone: (480) 420-1600
Facsimile: (480) 420-1693
Email: afletcher@swlfirm.com

Gina Gilbert Winspear, Bar #5552
DENNETT WINSPEAR, LLP
3301 North Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
Telephone: (702) 839-1100
Facsimile : (702) 839-1113
Email: gwinspear@dennettwinspear.com

Attorneys for Defendant Corrections
Corporation of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIMBERLY A. GUGLIELMI, individually and for and on behalf of CHRISTOPHER GUGLIELMI, deceased,<br><br>     Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA BUREAU OF PRISONS, CORRECTIONS CORPORATION OF AMERICA, A MARYLAND CORPORATION, DOES I-V, inclusive; and ROE BUSINESS ENTITIES I-V, inclusive,<br><br>     Defendants. | CASE NO.: 2:12-cv-01733-APG-GWF<br><br>**STIPULATED PROTECTIVE ORDER** |

Upon Joint Motion and stipulation of the parties for a Protective Order pursuant to Rule 26(c), of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1. For purposes of this protective order, CONFIDENTIAL INFORMATION means any 1) non-public document or tangible thing, electronic recording, or transcript of oral testimony whether or not made under oath, and the content of such document, thing, recording or transcript, designated by any party as CONFIDENTIAL because it contains proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26); 2) confidential personal information, including but not limited to the named Plaintiff's health care and mental health information and personal information of current and former CCA employees and Plaintiff's decedent; 3) business-sensitive documents and things containing proprietary, financial, pricing, or related contractual information; and, 4) security-sensitive documents and things, including but not limited to policies, procedures and practices, training materials, depictions of security features, and personnel files and documents relating to individuals currently or formerly employed at the Nevada Southern Detention Center ("NSDC"), the public release of which could pose a risk to the safe and orderly operation of a secure detention center and endanger the physical safety of staff, other detainees, and members of the public. By way of example, and not limitation, CONFIDENTIAL INFORMATION may be included in documents, simulations, animations, portions of documents, computer programs and software, magnetic or digital discs, electronically recorded media of any sort, transcripts, summaries, notes, abstracts, motions, drawings, videos, photographs, and any instrument that comprises, embodies, or summarized matter

2787963.1

that any party considers confidential.

2. Nothing in this Order or the acceptance of documents under this Order waives any party's right to object to the classification of any information as confidential and to submit the issue to the Court for resolution. If any party believes any designation of a document as CONFIDENTIAL is inappropriate, the parties will meet and confer and attempt to resolve the issue on an expedited basis. If the parties are unable to mutually agree on a resolution, the parties will seek appropriate Court intervention, including a request for a discovery conference or call with the Magistrate Judge and where appropriate, submit the documents to the Magistrate Judge under seal to determine whether and to what extent such information should be deemed CONFIDENTIAL. Where requested or permitted by the Court, the parties may provide the Court with separate statements containing the challenges by the party opposing the CONFIDENTIAL designation, and the justifications, which may be supported by affidavit, by the party designating the documents as CONFIDENTIAL.

3. By way of example, the term "documents" includes but is not limited to operations records, institutional records, medical records, policies and procedures, training materials, correspondence, memoranda, or other printed matter, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, maps, diagrams, video, photographs, personnel files, work sheets, desk diaries, recordings, specifications, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), disclosures, data, reports, work assignments, instructions, and other writings.

4. It is contemplated that the parties may produce documents and

2787963.1

things from their files or obtained from third parties pursuant to agreement or subpoena (files and information that contain confidential as well as non-confidential material) and that, at the time of production, the producing party will designate the documents that they deem to contain CONFIDENTIAL INFORMATION.  Only documents marked as "CONFIDENTIAL" will be subject to this Protective Order.  Documents subject to this Protective Order will be used by non-producing counsel only in this lawsuit, subject to requests made pursuant to Paragraphs 9 and 10.  CONFIDENTIAL INFORMATION will not be disseminated or produced except in accordance with this Order.

        5.     Whenever a deposition of court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

    (a)     The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately.  This request will be made on the record whenever possible.

    (b)     The cover of any portion or a deposition of court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the following legend:

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

    (c)     All portions of deposition of court proceeding transcript designated as Confidential Information will be sealed and will not be disseminated except to the persons identified in Paragraph 8.

    (d)     Any party may designate any portion of a deposition as containing CONFIDENTIAL INFORMATION and subject to this Protective

Order during or at a reasonable time after receipt of the transcript.  All deposition transcripts shall be treated as the entire contents were designated as CONFIDENTIAL INFORMATION and are subject to this Protective Order for the thirty (30) day period following their receipt by counsel for the parties.

6. If a party intends to designate portions of a deposition as "CONFIDENTIAL", that party shall have the right to limit attendance at the relevant portion of the deposition to the persons set forth in Paragraph 8 of this Protective Order.

7. Any motions, memoranda, or affidavits, or other papers to be filed with the Court that contain, describe, detail, or discuss CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form.  The parties are authorized and directed to file an unredacted version of any such document under seal with the Clerk of the Court.  Any unredacted version filed with the Clerk in paper format shall be filed in sealed envelope prominently marked with the caption of this case, the identity of the party filing the envelope, the title of the contents filed, and the notation:

**CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS**

**DISPLAYED, COPIED, OR REVEALED,**

**EXCEPT BY COURT ORDER**

8. Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to the Court, its employees, the parties, and to the following counsel and experts:  attorneys in this action and their support staff, including paralegals, legal interns, legal assistants, and outside legal support vendors; testifying or consulting experts; where production is required by the Federal Rules of Civil

2787963.1

Procedures; or, where production is ordered by the Court. The above disclosures may be made provided that no disclosure shall be made to any person currently employed by or seeking employment with any competitor of the party producing the CONFIDENTIAL INFORMATION except upon Order of the Court; to any member of the press; or, to any current or former detainee or inmate of any detention or correctional facility operated by CCA. Any party (including employees), attorney, the attorney's support staff, experts, and legal support vendors to whom disclosure is made will be furnished with a copy of the Protective Order and will be subject to the Order.

9. If Plaintiff's counsel or experts are required by law or court order to disclose Defendant's CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraph 8, the name of that person or entity will be furnished to counsel for CCA as a far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that Defendant may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed in Paragraph 8 who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of this Protective Order and will be subject to the Order.

10. Upon completion of this litigation, if Plaintiff's counsel desires to use the CONFIDENTIAL INFORMATION produced by Defendant CCA pursuant to this agreement in any other lawsuit, Plaintiff's counsel must first request permission in writing from the Office of the General Counsel of CCA and/or Struck Wieneke & Love, P.L.C. The request must be made in sufficient time (not less than two weeks) for CCA and/or Struck Wieneke & Love, P.L.C. to adequately respond. If permission is given, all terms of this Protective Order will apply to the use of CONFIDENTIAL

INFORMATION in any other lawsuit. If permission is not given, Plaintiff's counsel agrees not to use the CONFIDENTIAL INFORMATION produced in this litigation in any other subsequent litigation.

11. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, counsel and their experts shall either 1) return to the producing party or 2) provide a Certificate of Destruction to the producing party of all CONFIDENTIAL INFORMATION produced and any and all reproductions of CONFIDENTIAL INFORMATION in their possession, except as this Court may otherwise order or to which extend such information was used as evidence at trial. As far as the provisions of any Protective Order entered in this action restrict the communication and use of the CONFIDENTIAL INFORMATION produced thereunder, such orders shall continue to be binding after the conclusion of the litigation, except (a) that there shall be no restriction of materials used at exhibits in Court, unless such exhibits have been filed under seal or subsequently sealed, and (b) under the provisions of paragraphs 9 and 10. All documents and materials consisting of CONFIDENTIAL INFORMATION shall be returned to certified destroyed to producing counsel in a manner in which counsel will be able to reasonably verify that all documents were returned or destroyed.

12. Counsel for the various parties retains the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party. The designation as CONFIDENTIAL shall be made, whenever possible prior to production, but placing or affixing on each page of such material and a manner that will not interfere with its legibility the word "CONFIDENTIAL", or by the designation of categories and

production number of documents and things designated "CONFIDENTIAL." If such designation is not possible prior to production, the designation must be made by the producing party within twenty (20) days after disclosure. All information received from the producing party will be treated as CONFIDENTIAL INFORMATION until the twenty (20) days have elapsed or counsel for the producing party confirms that the information is not confidential. In the event a mistake or inadvertent disclosure is discovered post-production, a subsequent designation of CONFIDENTIAL shall be deemed effective as of the date of the notice.

    13. Nothing in this Protective Order precludes Plaintiff or Defendant from seeking and obtaining, by stipulation and agreement, or upon an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery materials, or relief from this Protective Order.

    14. Each person designated in Paragraph 8, by receiving and reading a copy of the Protective Order entered by this Court per the parties agreement, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Protective Order is breached.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2787963.1

**STIPULATED AND AGREED** this  27th  day of August, 2013.

| | |
|---|---|
| GAZDA & TADAYON, LTD | STRUCK WIENEKE & LOVE, P.L.C. |
| /s/ Lewis J. Gazda | /s/ Ashlee B. Fletcher |
| LEWIS J. GAZDA, ESQ. | ASHLEE B. FLETCHER, ESQ. |
| Nevada Bar No. 004269 | 3100 West Ray Road, Ste. 300 |
| AFSHIN TADAYON, ESQ. | Chandler AZ 85226-2473 |
| Nevada Bar No. 006517 | Attorney for Defendant |
| 2600 South Rainbow Boulevard, #200 | |
| Las Vegas, NV  89146 | |
| (702) 220-7128 | |
| Attorneys for Plaintiff | |

**IT IS SO ORDERED**  this  28  day of _____August_____ 2013.

_/s/ George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge

2787963.1