UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KIMBERLY GUGLIEMI, individually and for and in behalf of CHRISTOPHER GUGLIEMI, deceased,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, CORRECTIONS CORPORATION OF AMERICA,<br><br>Defendants. | Case No. 2:12-cv-01733-APG-GWF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(Dkt. No. 10.) |

I. **BACKGROUND**

On or about June 22, 2011, Christopher Gugliemi ("Christopher") killed himself while in the custody of the federal Bureau of Prisons ("BOP"). The BOP housed Christopher at Southern Nevada Detention Center ("SNDC") in Pahrump, Nevada, a facility owned and operated by Corrections Corporation of America ("CCA") pursuant to an agreement with the BOP.

On October 3, 2012, Christopher's surviving spouse, Kimberly Gugliemi ("Kimberly"), filed a complaint asserting the following claims: (1) "violation of constitutional right to substantive due process [under] 42 U.S.C. § 1983"; (2) negligence as to several unnamed CCA corrections officers; (3) "negligent hiring/contracting/training/retention as to the United States of America"; (4) "negligent hiring/training/supervision/retention and entrustment as to [CCA]"; (5) loss of consortium; (6) wrongful death; and (7) "negligent hiring/retention/supervision as to [CCA]." (Dkt. No. 1.)

CCA moved to dismiss the Complaint on the primary ground that a claim under 42 U.S.C. § 1983 cannot be maintained against a federal actor. (Dkt. No. 10.) CCA is correct, and CCA qualifies as a federal actor.

## II.  ANALYSIS

CCA's authority to incarcerate prisoners stems from its agreement with the BOP, a federal agency. Thus, for the purposes relevant here, CCA acts in BOP's stead as a prison operator. The State of Nevada has no authority over CCA's operations at SNDC, other than the State's vastly remote authority to revoke CCA's permission to operate in Nevada as a foreign corporation. (CCA is incorporated in the State of Maryland.) Therefore, CCA's actions at SNDC cannot be fairly attributed to the State of Nevada. Accordingly, although CCA is a private entity, it is considered a federal actor rather than a state actor for purposes of this case. *Pollard v. GEO Group, Inc.*, 607 F.3d 583, 588–89 (9th Cir. 2010), *rev'd on other grounds sub nom. Minneci v. Pollard*, 132 S. Ct. 617 (2012); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 940–41 (1982); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Federal actors are not subject to liability under 42 U.S.C. § 1983.[1] *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors."). Consequently, the Court dismisses the Section 1983 claim against CCA.[2]

---

[1] The proper mechanism to bring a constitutional claim against a federal actor is a *Bivens* action, named after *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, the Supreme Court has held that *Bivens* claims cannot be maintained against private corporations acting under color of federal law (*Corrections Servcs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)), and that *Bivens* claims for damages cannot be maintained against employees of a privately operated federal prison for alleged violations of the Eighth Amendment's prohibition of cruel and unusual punishment. *Minneci*, 132 S. Ct. at 620.

[2] The Court is doubtful that Kimberly will be able to successfully plead a *Bivens* action. Although she pleads violations of the Fourth, and possibly Fifth, Amendments of the U.S. Constitution, claims for deliberate indifference to a prisoner's medical needs are typically brought pursuant to the Eighth Amendment. *See Pollard*, 607 F.3d 583. And, *Malesko* and *Minneci* foreclose Eighth Amendment claims under *Bivens* against private corporations and their employees. 132 S. Ct. at 620. *Malesko* also precludes any *Bivens* claims against the BOP. 534 U.S. at 72. Therefore, amending the Complaint to plead a *Bivens* claim against the BOP would be futile. Kimberly does not allege any misconduct by BOP officers, who

The Court dismisses the Section 1983 claim against the BOP with prejudice because agencies of the United States are immune from suit and Congress has not provided consent for the BOP to be sued for purposes of this suit. *See Malesko*, 534 U.S. at 72; *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980); *White v. Fed. Bureau of Prisons*, 2004 WL 1636981 at *2 (D. Or. July 20, 2004) ("Because Congress has not provided consent to be sued for purposes of this lawsuit, plaintiff cannot state a valid claim against the BOP.").

In the absence of any federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

In accord with the above, the Court hereby ORDERS:

1. Plaintiff Kimberly Gugliemi has 14 days from the entry of this Order to file an Amended Complaint.
2. If Kimberly does not file an amended complaint by that date, the Complaint will be dismissed without prejudice.
3. Kimberly's First Claim for Relief is dismissed with prejudice as against the BOP.

DATED: December 13, 2013

                                                                                    ANDREW P. GORDON
                                                                                    UNITED STATES DISTRICT JUDGE

---

are subject to liability in their individual capacity under *Bivens* for constitutional violations. The Court nonetheless notes that federal "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

3